## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CORTEZ DARNELL WALTERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-03-422-R** |
| | ) | |
| **CORRECTIONS CORPORATION OF** | ) | |
| **AMERICA; DAREN SWENSON;** | ) | |
| **CAPTAIN STEER; SEAN SWEEDENS;** | ) | |
| **and MELISSA GUILFOYLE;** | ) | |
| | ) | |
| **Defendants.** | ) | |

# O R D E R

Before the Court is the Plaintiff's objection to the Supplemental Report and Recommendation entered by United States Magistrate Judge Valerie K. Couch (Document No. 101). The Magistrate Judge's Supplemental Report and Recommendation recommended that the Defendants' motion for summary judgment be granted, and that the Plaintiff's action be dismissed without prejudice. The Court conducts a *de novo* review.

This action, brought pursuant to Title 42 U. S. C. § 1983, is before the Court on remand from the United States Court of Appeals for the Tenth Circuit. In his Complaint, the Plaintiff raised numerous claims. Upon the recommendation of the United States Magistrate Judge, this Court previously dismissed the Plaintiff's complaint for failure to state a claim for which relief may be granted. The Tenth Circuit reversed the Court's dismissal of a single claim: that Defendant Corrections Corporation of America's mail handling procedures created the risk of the Plaintiff's being deprived of property, and caused the ultimate loss of his property. *Walters v. Corrections Corporation of America,* 2004 WL 2801823 at *2 (10th Cir. 2004).

In this litigation the Defendants have consistently asserted that the Plaintiff has failed to exhaust his administrative remedies with respect to his deprivation of property claim. The Prison Litigation Reform Act, Title 42 U. S. C. § 1997e (a), requires exhaustion of administrative remedies in suits, such as this one, challenging prison conditions. Actions filed before the exhaustion requirement is satisfied must be dismissed. *Booth v. Churner,* 532 U. S. 731, 740 - 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *Steele v. Federal Bureau of Prisons,* 355 F. 3d 1204, 1207 (10th Cir. 2003), *cert. denied,* 543 U. S. 925, 125 S. Ct. 344. 160 L. Ed. 3235 (2004). A prisoner must exhaust his administrative remedies regardless of the relief offered through administrative procedures. *Booth, supra.* Section 1997e (a) requires an inmate litigant not only to initiate the grievance process, but to follow the process to its end. *Jernigan v. Stuchell,* 304 F. 3d 1030, 1032 (10th Cir. 2002).

In the event a claim is, on its face, frivolous, malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the claim without first requiring the exhaustion of administrative remedies. *Steele,* 355 F. 3d at 1208, fn. 2. The Plaintiff's sole remaining claim, i.e., his deprivation of property claim for the loss of the $150.00 check, may not be dismissed for failure to state a claim. *Walters v. Corrections Corporation of America,* 2004 WL 2801823 at *2 (10th Cir. 2004). Therefore, the Court must address the issue of whether the Plaintiff has exhausted his administrative remedies on this claim.

Section 1997e (a) requires a prisoner to, among other things, attach a copy of the applicable administrative decision to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Steele,* 355 F. 3d at 1210. The Defendants' facility policy CCA/CCF OP 14-5 states that in order to exhaust all administrative

remedies, an inmate must try to resolve his dispute informally.  If the inmate is unable to resolve the

dispute informally, he must file a grievance with the facility within seven days of the incident.  If

the inmate is dissatisfied with the grievance officer's action, the inmate may appeal to the facility

head for review and final decision.  Affidavit of Linda Vandever, Defendants' Exhibit F.  The

Defendant's policy directs inmates to place their grievance forms in the "grievance mail box," or,

if a grievance mail box is not used, to forward the grievance to the facility grievance officer.

Defendant's Exhibit E.

In his Complaint, the Plaintiff makes the following allegations with regard to exhaustion of

remedies:

> "As no post-deprivation in this case as to the loss (sic) property check through the
> Corporation Policy although thru (sic) Request and Grievances sent to the
> Corporation headquarters, the Cimarron Facility Warden, and mail room worker, and
> Administrative Grievance and Trust funds office."

Complaint, p. 11.  As the Magistrate Judge noted, this statement is not sufficient to satisfy the

Plaintiff's obligation to "describe with specificity the administrative proceeding and its outcome."

*Steele,* 355 F. 3d at 1210.  Furthermore, it appears from both the foregoing language and the exhibits

attached to the Complaint that the Plaintiff bypassed the Corrections Corporation of America's

administrative process and elected to present his complaints directly to "Corporate Headquarters,"

as well as the "Cimarron Facility Warden," the "mail room worker," the "D. O. C. administrative

grievance" office, and the "D. O. C. Trust funds office."  By the Plaintiff's own admission, none of

his written complaints about the $150.00 check were placed in the Grievance Mail Box or submitted

to the Facility Grievance Officer as required by CCA/CCF policy.  (Defendant's Exhibit E).  The

Plaintiff did not comply with the Defendant's grievance procedures; thus, the Court concurs with

the  Magistrate Judge's finding that the Plaintiff did not exhaust his administrative remedies.

In his Objection, the Plaintiff argues that he is not required to exhaust, or that he should be excused from exhausting, his administrative remedies because the alleged violation of his due process rights was not random or unauthorized, but was caused by Defendant Corrections Corporation of America's mail room policies.  See Objection, p. 3, *citing Gillihan v. Shillinger,* 872 F. 2d 935 (10th Cir. 1989).  In *Gillihan,* the Tenth Circuit held that when a deprivation of property is "not random and unauthorized, but is pursuant to an affirmatively established or de facto policy, procedure, or custom," the state has the power to control the deprivation and, therefore, generally must, in the absence of compelling reasons to the contrary, give the plaintiff a predeprivation hearing.  *Gillihan,* 872 F. 2d at 939 - 940.  The court in *Gillihan* remarked that the availability of adequate post-deprivation administrative and/or legal remedies "is irrelevant and does not bar a § 1983 claim."  *Id.*

The Plaintiff reads *Gillihan* too broadly.  The court's comment in *Gillihan* that the availability of administrative remedies is "irrelevant" was made in the context of addressing the defendant's argument that the availability of adequate administrative and state law remedies barred a Section 1983 claim.  *Gillihan,* which was decided long before enactment of the Prison Litigation Reform Act, 42 U. S. C. § 1997e (a), does not address the Act's requirement of administrative exhaustion.

The Court agrees with the Magistrate Judge's finding that there is no genuine issue of material fact as to whether the Plaintiff exhausted his administrative remedies before filing his Complaint.  Accordingly, the Plaintiff's Complaint is hereby DISMISSED without prejudice for

failure to exhaust administrative remedies.[1]  The Plaintiff's motion for a discovery plan (Document No. 83) is hereby DENIED as moot.  To the extent that the Plaintiff's pleading styled: "Motion for Summary Judgment in Objection Defendant Summary Judgment Plaintiff Brief in Support" (Document No. 95) may be construed as a motion for summary judgment, it is hereby DENIED.

**IT IS SO ORDERED this 12th day of June, 2006.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1]As the Magistrate Judge noted, the Defendants have also sought summary judgment on the merits of the Plaintiff's claim.  The Defendants have attached to their motion a copy of the Transaction List for the Plaintiff's prison trust account.  The Transaction List shows that $150.00 was withdrawn from the Plaintiff's prison trust account to pay a filing fee on August 18, 2001.  A handwritten notation by the printed entry states: "Void 90 days 1-14-02."  The Transaction List further shows that $150.00 was credited to the Plaintiff's account on January 14, 2002.  The Defendants have also submitted an affidavit from accountant Cathie Brunken, stating that the Plaintiff's $150.00 check was voided and credited back to his prison account on January 14, 2002.  These exhibits support the Defendant's contention that the Plaintiff was not, in fact, deprived of his property.  The Plaintiff has provided no evidence creating a genuine issue of material fact in that regard.  However, as the Magistrate Judge explained, the Court is not free to skip ahead to the merits of the Plaintiff's case without considering whether the Plaintiff has exhausted his administrative remedies.  See Fitzgerald v. Corrections Corporation of America, 403 F. 3d 1134, 1141 (10th Cir. 2005).  The Court is thus precluded from entering summary judgment in favor of the Defendants on the Plaintiff's property claim at this point.